Judgment reversed and judgment for plaintiff in error. Grounds stated in journal entry.
It is ordered and adjudged by this court, that the judgment of the said circuit court be, and the same hereby is, reversed at the cost of the defendants in error.
And thereupon, this court proceeding to render judgment which the circuit court of said Franklin county should have rendered, it is ordered and adjudged that there is due plaintiff is error on the several assessments as in the answer and ,crossr petition set forth, and interest thereon, duly levied and assessed on the following lots as the same are more particularly described in the answer and cross-petition herein, the following amounts, to-wit:
*435 Said Lot No. 51, the sura of Two Hundred and Ninety-Six and 1-100 Dollars ($296.01), with interest from May 26, 1908; said Lot No. 52, the sum of Two Hundred and Ninety-Six Dollars ($296.00), with interest from May 26, 1908; said Lot No. 53, the sum of Two Hundred and Ninety-Six Dollars ($296.00), with interest from May 26, 1908.
It is, therefore, considered, adjudged and decreed by the court that unless the said defendants in error pay or cause to be paid to said plaintiff in error the said sums aforesaid, within three days from the entry of this decree, that said real estate be sold for the payment of said assessments and interest thereon, as provided by law.
It is further considered and ordered that the plaintiff in error recover of the defendants in error his costs in this court, in the circuit court and in the court of common pleas expended, to be taxed.
The improvements involved and the assessments made to pay- for the same, were had under the provisions of what is known in this case as the Taylor law, which for the- purposes of this case must be considered valid, and that the lien of the assessments, under said law continues until they are paid. The lien still existing tolls the appropriate remedy for its enforcement.
Price, C. J., Shauck, Summers and Spear, JJ-, concur.